UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCHEWANDA BAPTISTE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2897** |
| **MEGABUS SOUTHWEST, L.L.C.,**<br>    **Defendant** | **SECTION: "E" (2)** |

### ORDER AND REASONS

This is a personal injury action originally filed in state court. Megabus Southwest, L.L.C. ("Megabus") removed the action to federal court on the basis of diversity jurisdiction. Plaintiff has filed a motion to remand.[1] The question presented is whether Megabus has demonstrated by a preponderance of the evidence that subject matter jurisdiction is proper in federal court. It has. The motion to remand is DENIED.

### BACKGROUND

On the morning of August 19, 2013, Plaintiff alleges she sustained personal injury while helping her daughter board (or disembark)[2] a Megabus coach. Specifically, Plaintiff alleges the bus driver closed the doors without "adequate warning, causing the doors to strike her neck, shoulders, and the right side of her body."[3] As a result of this incident, Plaintiff alleges she suffered a litany of personal injuries.[4]

---

[1] R. Doc. 1.
[2] The state-court petition is unclear on this point.
[3] R. Doc. 1-3, ¶4.
[4] *Id.* at ¶5.

1

Plaintiff subsequently filed suit in Louisiana state court against Megabus. The petition seeks various physical, emotional, and economic damages[5] "for a sum under the amount of $75,000."[6] Megabus removed the case to federal court.[7]

Upon receipt of Megabus's notice of removal, the Court reviewed subject matter jurisdiction *sua sponte*.[8] The Court ordered the parties to submit briefs in support of, or in opposition to, subject matter jurisdiction.[9] The Court subsequently granted Plaintiff leave to file a stipulation or affidavit that the amount in controversy did not exceed $75,000 at the time of removal.[10] Plaintiff has not availed herself of this opportunity.

## LEGAL STANDARD

A civil action may be removed to federal court unless expressly prohibited by another statute.[11] The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[12] Thus, "any doubt as to the propriety of removal should be resolved in favor of remand."[13] The removing party bears the burden of proving that removal is proper.[14]

## LAW AND ANALYSIS

Subject matter jurisdiction is premised on diversity of citizenship. Under 28 U.S.C. § 1332(a), jurisdiction is proper where (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.[15] The parties are completely diverse

---

[5] *Id.* at ¶6.
[6] *Id.* at ¶2, 8.
[7] R. Doc. 1.
[8] Federal courts are required to examine all aspects of subject matter jurisdiction *sua sponte*. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).
[9] R. Doc. 4.
[10] R. Doc. 16.
[11] 28 U.S.C. § 1441(a).
[12] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[13] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[14] *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir. 2014).
[15] *See* 28 U.S.C. § 1332(a).

when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[16] The notice of removal alleges Plaintiff is a Louisiana domiciliary. Therefore, Plaintiff is a Louisiana citizen.[17] The notice of removal further alleges Megabus is a limited liability company. As an LLC, Megabus takes the citizenship of its members.[18] Megabus's sole member is Independent Bus Services, Inc. ("Independent"). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.[19] Independent is incorporated in New Jersey. The principal place of business is located in New Jersey. Ergo, Independent—and by extension, Megabus—is a citizen of New Jersey. Because Plaintiff is a citizen of Louisiana and Megabus is a citizen of New Jersey, the parties are completely diverse.

In addition to complete diversity, Section 1332(a) requires that the amount in controversy exceed $75,000. Although Plaintiff alleges in the petition the amount in controversy is less than $75,000, that allegation is not controlling for purposes of removal jurisdiction,[20] because Louisiana law does not limit recovery to the amount sought in the petition.[21] Thus, notwithstanding Plaintiff's allegations of quantum, removal is proper if Megabus can demonstrate by a preponderance of the evidence the amount in controversy exceeds $75,000.[22] If Megabus carries this burden, Plaintiff "can

---

[16] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[17] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("[W]ith few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile.").
[18] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[19] 28 U.S.C. § 1332(c)(1).
[20] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).
[21] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).
[22] *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[23]

Plaintiff's responses to several interrogatories demonstrate the amount in controversy is likely to exceed $75,000.  As a result of her accident, Plaintiff claims her treating physicians have diagnosed several injuries, including: "acute cervical strain, contusion and strain of the right shoulder strain, acute lumbar strain, and contusion of the ulna nerve at the elbow, contusion of the right ear, herniated cervical disc with impingement of the right shoulder, [and] tendiosis of the suprarapinatus tendon.[24]  Plaintiff suffers from "extreme pain on the left side of her body."[25]  Plaintiff also experiences "throbbing pain" in her "left leg and arm, lower back, [and] neck."[26]  As a result of her injuries, Plaintiff has trouble sleeping.[27]  Plaintiff takes three different medications to cope with her pain and undergoes daily "electro-muscle shock EnerVive Musle Conditioning."[28]  One of Plaintiff's treating physicians has recommended epidural injections for the herniated cervical disc.[29]

If Plaintiff prevails, the Court finds she will likely be awarded at least $75,000 for medical expenses and pain and suffering.  This award will further increase if Plaintiff recovers "past, present and future lost wages,"[30] as demanded in her petition.  The foregoing demonstrates Megabus has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff's opposition memoranda fall

---

[23] *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).
[24] R. Doc. 8-2.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] R. Doc. 1-3, ¶6.

well short of demonstrating to a "legal certainty" her recovery will not exceed this amount.[31]

## CONCLUSION

Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a).  The motion to remand is denied.

**New Orleans, Louisiana, this 18th day of May, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[31] Plaintiff's memoranda consist almost exclusively of boilerplate regurgitation of the general principles of removal jurisdiction.  The "Discussion" section of her memoranda is limited to four sentences of *ipse dixit*.  *See* R. Doc. 6, p.5; R. Doc. 9, p.5.